**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4329**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DAVID LEE STEVENSON, SR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00764-RBH-1)

Submitted:  November 4, 2011        Decided:  February 7, 2012

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Stevenson, Sr., pled guilty pursuant to a written plea agreement to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced him to 120 months of imprisonment for his violation of § 846, plus a consecutive sixty-month sentence for his violation of § 924(c), yielding a total term of 180 months of imprisonment. Stevenson now appeals. In accordance with Anders v. California, 386 U.S. 738 (1967), Stevenson's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning the adequacy of Stevenson's Rule 11 hearing and the reasonableness of his 180-month sentence. Stevenson received notice of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

First, Stevenson questions whether the district court complied with the requirements of Rule 11 when accepting his plea. Because Stevenson did not move to withdraw his guilty plea in the district court, we examine the adequacy of the plea colloquy for plain error. United States v Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our careful review of the record convinces us that the district court substantially complied with

2

the mandates of Fed. R. Crim. P. 11 in accepting Stevenson's guilty plea and that any omission on the court's part did not affect Stevenson's substantial rights. Moreover, the district court ensured that Stevenson's guilty plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DuFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Stevenson's sentence, we review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. Because Stevenson did not object to the Guidelines calculations in his presentence report, argue for a sentence different from the one imposed, or challenge the adequacy of the district court's explanation of its sentencing decision, we review for plain error. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010).

Our review of the record reveals no procedural error in the district court's determination of Stevenson's sentence.

The district court properly noted the applicable statutory minimums and adopted the proper Guidelines range calculations for each charge.[*] Furthermore, it correctly noted that statute required the sentence for Stevenson's § 924(c) conviction to run consecutively to any other sentence imposed. 18 U.S.C. § 924(c)(1)(D)(ii) (2006). The district court also properly considered the factors listed in 18 U.S.C. § 3553(a) and explained Stevenson's sentence in light of this consideration.

We next consider the substantive reasonableness of the sentence, taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. We presume that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Furthermore, where a statute mandates a certain sentence, then the imposition of such a sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

In Stevenson's case, his aggregate 180-month sentence was the minimum sentence required by statute. See 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A) (2006); 18 U.S.C. §

---

[*] The parties agree that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, is inapplicable in this case, and we find no binding authority to the contrary.

4

924(c)(1)(A)(i). Accordingly, we find that it was substantively reasonable, and conclude that the district court committed no error in its imposition.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Therefore, we affirm Stevenson's conviction and sentence. This court requires counsel to inform Stevenson, in writing, of his right to petition the Supreme Court of the United States for further review. If Stevenson requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stevenson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5